UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janis Shumway,                                          Case No. 3:20-cv-2768

        Plaintiff

    v.                                               ORDER

Devashree Investment Inc.,

        Defendant

## I.      INTRODUCTION

Before me is the motion of Plaintiff Janis Shumway for a default judgment.  (Doc. No. 6).

Defendant Devashree Investment Inc. has not appeared, pled, or otherwise defended this action.

For the reasons discussed below, Plaintiff's motion for default judgment will be granted with respect

to Plaintiff's claims for a declaratory judgment and injunctive relief.  Plaintiff's request for attorney's

fees and other litigation expenses will be held in abeyance pending documentation to support an

award of an amount to be requested by Plaintiff going forward.

## II.      BACKGROUND

Plaintiff initiated the present suit on December 16, 2020, and served Defendant with a copy

of the summons and complaint on December 19, 2020.  (Doc. Nos. 1 & 3).  Plaintiff's complaint

sought a declaratory judgment stating that Defendant was in violation of the ADA, injunctive relief

requiring Defendant to bring the websites at issue into compliance with the ADA and its regulations,

and an award of attorney's fees and other costs.  After Defendant failed to answer by the January 11,

2021 deadline, Plaintiff moved for an entry of default, which the Clerk of Court entered on January

19, 2021. (Doc. No. 5). The docket reflects that the Clerk mailed a copy of the default to Defendant that same day. Plaintiff next filed a motion for default judgment along with a proposed order granting the motion. (Doc. Nos. 6 & 6-1).

### III.     STANDARD

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Poskovic v. D2 Mgmt., LLC*, No. 5:19-cv-1222, 2019 WL 6727098 at *1 (N.D. Ohio Dec. 11, 2019) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)). While the factual allegations relation to liability are taken as true, the court must still determine whether those facts are sufficient to state a claim for relief and conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Poskovic*, 2019 WL 6727098 at *1.

### IV.     DISCUSSION

#### A. Declaratory Judgment & Injunctive Relief

Accepting the well-pled allegations in Plaintiff's complaint as true: Plaintiff is unable to walk more than a few steps without assistive devices and must rely on the use of a wheelchair. (Doc. No. 1 at 1). Plaintiff also has difficulty operating doorknobs, sink faucets, or other mechanisms that require tight grasping, twisting of the wrist, or pinching. (*Id.* at 2). Thus, Plaintiff is an individual who qualifies as disabled within the meaning of the Americans with Disabilities Act (ADA). *See* 42 U.S.C. § 12102 (including walking and performing manual tasks as major life activities).

Defendant is the owner and operator of the Rodeway Inn located at 8224 OH-108, Wauseon, OH, 43567, which is a place of public accommodation subject to the ADA's requirements. *See* 28 C.F.R. § 36.104. Thus, Defendant is required to comply with the ADA. *See* 42 U.S.C. 12182(a) ("No individual shall be discriminated against on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."); § 28 C.F.R. § 36.201.

Plaintiff alleges Defendant has violated the ADA by failing to include certain information in the website postings it uses for online reservations through third-party booking sites.  Specifically, Plaintiff's complaint alleges Defendant has failed to comply with 28 C.F.R. § 36.302(e)(1), which states:

> (e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> > (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> >
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> >
> > (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> >
> > (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> >
> > (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1).

Plaintiff alleges they visited websites located at www.hotelplanner.com; www.expedia.com; www.agoda.com; www.choicehotels.com; www.orbitz.com; and www.cheaptickets.com.  (Doc. No. 1 at 5).  Each of these postings for Defendant's property on these websites failed to identify or allow for reservation of accessible guest rooms and failed to provide sufficient information regarding accessibility at the property.  Plaintiff further alleges they visited the websites for the purpose of reviewing and asserts they intend to revisit these websites in the near future, but they are continuously aware that the sites remain non-compliant.

Accepting the well-pled allegations as true, I find Defendant has violated the ADA by failing to comply with 28 C.F.R. § 36.302(e).  Thus, Plaintiff is entitled to the declaratory and injunctive relief they seek in their complaint.

Defendant is hereby ordered to bring its websites, including those hosted on third-party booking sites, into compliance with 28 C.F.R. § 36.302(e) and to implement a policy to monitor its postings on those sites to ensure they remain in compliance.  More specifically, Defendant is required to provide the third-party sites with the information necessary for Plaintiff to evaluate whether Defendant's hotel meets Plaintiff's individual accessibility needs.  This information shall also include photographs of the interior of each designated accessible room along with photographs of all of the hotel's common areas.  Also, Defendant is ordered to ensure that each of the website postings identified in this order make accessible rooms available in the same manner as other rooms in the Defendant's hotel.  Defendant shall bring its website postings into compliance within 90 days of this order and shall, for the next 180 days, maintain a policy to monitor its compliance with the ADA and its accompanying regulations.

### B.  Attorney's Fees and Costs

Plaintiff's complaint also seeks an award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205, which provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

But Plaintiff did not request a specific amount of fees in their motion for a default judgment. Nor did Plaintiff provide any documentation necessary to determine whether any particular amount should be awarded. Thus, I am holding in abeyance Plaintiff's request for attorney's fees and other expenses. Should Plaintiff wish to continue pursuing entry of a judgment awarding these fees, Plaintiff shall file a request for a specific amount along with documentation to support the amount requested. Plaintiff is given leave to file the information accompanying this request under seal.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment, (Doc. No. 6), is granted in part. Plaintiff's request for attorney's fees and other litigation expenses is held in abeyance pending Plaintiff's filing a request for a specific amount in fees along with documentation necessary to evaluate whether such amount is reasonable. Plaintiff shall have 60 days from the entry of this order to file such a request.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge