UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janis Shumway,                          Case No. 3:20-cv-2768

       Plaintiff

v.                                        ORDER

Devashree Investment Inc.,

       Defendant

## I. INTRODUCTION

Before me is the motion of Plaintiff Janis Shumway for attorney's fees and other litigation expenses. (Doc. No. 8).

On February 9, 2021, I granted in part Plaintiff's motion for a default judgment and held in abeyance Plaintiff's request for attorney's fees and other litigation expenses pending Plaintiff's request for a specific amount that was supported with documentation of attorney's fees and other expenses. (Doc. No. 7). In response, Plaintiff filed the present motion, along with appropriate documentation, seeking an award of $7,492.50 for attorney's fees and other expenses.

## II. DISCUSSION

The Americans with Disabilities Act (ADA) contains the following provision for the award of attorney's fees and other expenses to a prevailing party:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. Because I have already granted Plaintiff's motion for a default judgment, Plaintiff satisfies the prevailing party requirement. Thus, the only issue is whether the fees the Plaintiff requests are reasonable. As the party requesting the fees, Plaintiff bears the burden of demonstrating the fees are reasonable. *See Disabled Patriots of America, Inc. v. Odco Investments, Ltd.*, No. 3:04-cv-7399, 2009 WL 1767582, at *1 (N.D. Ohio June 23, 2009) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)) (further citation omitted).

    A. Attorney's Fees

To determine whether fees are reasonable, courts begin with the "lodestar", which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by [their] court-ascertained reasonable hourly rate." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, Plaintiff seeks $5,652.50 in attorney's fees, which is based on 13.3 hours of work at an hourly rate of $425.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 91670,1 at *6 (N.D. Ohio Mar. 10, 2016) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)). To guide the exercise of this discretion, the court may rely on "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Id.* (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App'x 496, 499 (6th Cir. 2011)).

Here, Plaintiff cites to many analogous cases where counsel received fee awards based on rates similar to the one requested here. But these cases are all from Florida or Georgia and are therefore outside the legal community relevant to the determination in the present case. *See Adcock-Ladd*, 227 F.3d at 350 ("[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.") (further citation omitted). Still, relying on my knowledge and experience in handling similar fee

requests, I find that the rate requested by Plaintiff is reasonable. I also find the number of hours expended was reasonable. Attorney Tristan Gillespie's timesheet clearly sets forth the tasks he completed as well as the time spent on each task. (*See* Doc. No. 8-8). And the total number of hours, 13.3, is reasonable as well. Thus, I find Plaintiff is entitled to $5,652.50 in attorney's fees.

      B.  Costs and Other Litigation Expenses

Plaintiff also seeks $400 in filing fees, $140 for service of process, and $1,300 in expert fees--$650 of which for services that have already been rendered while the remainder is for contemplated services. Plaintiff's request is supported by a bill of costs and litigation expenses filed with their motion. (Doc. No. 8-2).

Courts in the Northern District of Ohio have awarded these kinds of costs in similar actions. *See Kramer v. Port Hospitality, LLC*, No. 1:06-cv-2889, 2008 WL 2097156, at *1 (N.D. Ohio May 16, 2008) (awarding $6,175 in expert fees for preliminary and final inspections in ADA action where plaintiff prevailed on default judgment); *see also Kramer, et al. v. SCIT, Inc.*, 1:06-cv-2888, DE 15 (N.D. Ohio Aug. 15, 2007) (awarding $6,350 in expert fees). With respect to the filing fees, fees for service of process, and $650 of the expert fees, I see no reason to depart from their approach here. But with respect to the $650 in contemplated expert fees for reinspection to ensure Defendant has remedied the ADA violations, I deny Plaintiff's request. Plaintiff cites to no case from the Sixth Circuit that has awarded litigation expenses under 42 U.S.C. § 12205 for costs that have not yet actually been incurred.

### III. CONCLUSION

Plaintiff's motion for attorney's fees and other litigation expenses is granted in part. Specifically, Plaintiff is awarded $5,652.50 in attorney's fees and $1,190 in other litigation expenses, for a total of $6,842.50.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge